CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Mark Potter, SBN 166317
Phyl Grace, Esq. SBN 171771
Mail: PO Box 262490
       San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
       San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
Phylg @ potterhandy.com
       Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, <br><br> Plaintiff, <br><br> v. <br><br> **Shahnaz Parveen Iqbal; Ahmed Ali Nasser** (defaulted), <br><br> Defendants | **Case:** 2:15-CV-00191-KJM-AC <br><br> **Plaintiff's Reply Brief in Support of Motion for An Award of Attorney's Fees** <br><br> Date:   March 18, 2016 <br> Time:  10:00 a.m. <br> Dept:   3 -15th floor <br><br> Hon. Judge Kimberly J. Mueller |

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ............................................................1

II. SETTLEMENT HISTORY IS RELEVANT .........................................1

III. THE TIME CLAIMED BY THE DEFENSE IS NOT RELEVANT ...................................................................................................2

IV. DRAFTING OF DISCOVERY IS RECOVERABLE ...........................2

V. RULE 26 CONFERENCES ..................................................................3

VI. THE APRIL AND MAY PHONE CALLS ............................................3

VII. THERE ARE NO DUPLICATIVE ENTRIES FROM JULY THROUGH SEPTEMBER....................................................................4

VIII. TIME SPENT ON THE FEE MOTION................................................4

IX. CONCLUSION .....................................................................................5

**TABLE OF AUTHORITIES**

**Cases**

*California Interscholastic Federation*,
    277 F.3d 1128 (9th Cir. 2002) ............................................................................2

*Chabner v. United of Omaha Life Ins. Co.*,
    1999 WL 33227443 (N.D. Cal. 1999)...............................................................2

**Statutes**

Cal. Civ. Code § 55.55 ...................................................................................................1

## I. PRELIMINARY STATEMENT

The defense does not challenge the plaintiff's requested hourly rate. The defense does not challenge any of the requests for costs. The defense does not challenge the plaintiff's entitlement to fees and, in fact, concedes that the plaintiff is entitled to a "modest award of Fees and Costs." Defense Brief, p. 2, lines 5-7. Instead, the defense challenges some of the billing entries. As discussed below, the defense challenges lack merit with one exception: the amount spent on this Reply Brief. The plaintiff respectfully requests that this Court grant his motion (as modified).

## II. SETTLEMENT HISTORY IS RELEVANT

The defense does not dispute the plaintiff's recitation of settlement negotiation history. Instead, the defense objects to the plaintiff disclosing this history on the grounds that it is not admissible. The defense is wrong. While offers of settlement and settlement negotiation history is inadmissible to establish *liability* – this case is over. This is a post-trial motion for attorney's fees and the settlement positions of the parties are directly relevant. In fact, the Court is specifically permitted by statute to consider the settlement negotiation history when one basis for recovery is under the Unruh Civil Rights Act:

> Notwithstanding subdivision (f) of Section 55.54, in determining an award of reasonable attorney's fees and recoverable costs with respect to any construction-related accessibility claim, the court may consider, along with other relevant information, written settlement offers made and rejected by the parties. Nothing in this section affects or modifies the inadmissibility of evidence regarding offers of compromise pursuant to Section 1152 of the Evidence Code, including, but not limited to, inadmissibility to prove injury or damage.

Cal. Civ. Code § 55.55. Courts routinely consider settlement negotiation history in ADA cases when determining whether a party acted reasonably. *See* e.g.,

*Barrios v. California Interscholastic Federation*, 277 F.3d 1128, 1136 (9th Cir. 2002).

### III. THE TIME CLAIMED BY THE DEFENSE IS NOT RELEVANT

The defense also notes its attorneys only spent five hours in the case. While it is difficult to believe that, it is not relevant. It is a "flawed approach" to compare a defendant's litigation model (time billed, choices made) "as a benchmark for evaluating the conduct of plaintiff's attorneys." *Chabner v. United of Omaha Life Ins. Co.*, 1999 WL 33227443, *3 (N.D. Cal. 1999). The *Chabner* court noted that the plaintiff is differently situated than the defense and has different challenges which, "include the burden of proof, the relative difficulty of obtaining access to essential information, and the chance that a given case may have greater precedential value for one side than the other." *Id.* In this case, the plaintiff expended time and money in investigating the claims, visiting the property, obtaining photographs and measurements and taking other steps that the defense either did not have to do. Additionally, the plaintiff is the only one to conduct any discovery in the case.

### IV. DRAFTING OF DISCOVERY IS RECOVERABLE

The defense notes, accurately, that plaintiff's counsel drafted the discovery one day after the court issued an order staying the case so that the parties could explore settlement. That was inadvertent (the stay was not realized immediately). Had the case then settled, the defense would have an excellent argument. But the case did not settle. On September 2, 2015, the plaintiff reported that the parties could not settle. Docket Entry 15. On September 14, 2015, the stay was lifted, and a pretrial scheduling conference set. Docket Entry

#16. Discovery was back on and the plaintiff's discovery was utilized and effective. Months later, the case settled. The plaintiff can bill for this work.

## V.  RULE 26 CONFERENCES

The defense notes that there are two billing entries for Rule 26 Conferences: one on 4-22-15 and one on 6-17-15. See Defense Brief, p. 2, lines 15-17. The defense says that these two entries "appear duplicative." But this is silly. Defense counsel was a part of both of those conferences. He participated. He does not dispute that they took place. He is positioned to declare them unreasonable but does not. The defense does not cite any authority for the proposition that the Rule 26 conference topics must be completed in one phone call. Plaintiff's counsel has reviewed her notes and confirms the billing. During the April 22, 2015 conference, the parties discussed the majority of the Rule 26 required topics. During the June 17, 2015 conference, the parties discussed additional items such as tenant representation, setting aside the default, and settlement. The billing is accurate. It is not duplicative.

## VI.  THE APRIL AND MAY PHONE CALLS

The defense complains that the 0.2 and 0.1 phone calls by Phyl Grace on April 27, 2015 and May 16, 2015 are duplicative because both of these entries say "reviewed the file." But this is silly. Every attorney reviews a case file before making a phone call to defense counsel so that the call is productive. Had the plaintiff billed any serious time on "reviewing the case file," there might be a legitimate concern. But, here, the billing is 0.2 and 0.1. The defense is just looking for entries that have similar words and declaring them duplicative.

## VII. THERE ARE NO DUPLICATIVE ENTRIES FROM JULY THROUGH SEPTEMBER

The defense also complains that the billing entries on 7-17, 7-21, 7-23, 7-30, 8-19, 8-21, 8-31, and 9-2 are duplicative. Defense Brief, p. 2, lines 22-27. the defense does not give any explanation for this claim. But the billing entries are clearly not duplicative. For example, how can the 7-17 billing for 0.2 hours that involved an email exchange with defense counsel regarding a meet and confer for settlement be duplicative of a different serious of email exchanges on 7-21 or the phone call between counsel on 7-23? These are different settlement negotiations, different emails and phone calls, and different point-counterpoint arguments. Defense counsel himself participated in each of these email exchanges and phone calls. He does not contend that there is too much time billed for these communications but claims – without explanation or justification – that they are duplicative. It makes little sense.

## VIII. TIME SPENT ON THE FEE MOTION

The plaintiff spent two hours total in drafting the fee motion on February 11, 2016. For whatever reasons, the actual entry is not complete and only refers to the reviewing of the billing and redaction efforts that are part and parcel of drafting the motion. But, as one can see, there is no other entry for the drafting of the motion. Two hours for drafting the motion is reasonable. As for the estimated eight hours for the reply brief and oral argument, the defense is correct that this has proven to be an overestimation. Plaintiff's counsel has only spent 1.6 hours total on this reply brief. Thus, if this Court takes this motion under submission and does not require travel and oral argument – as both parties have requested – then the requested eight hours should be reduced to only 1.6 hours. In such case, the plaintiff's modifies his requested fee award from $10,330 to $8,090.

4

Fee Motion: Reply Brief                                   2:15-CV-00191-KJM-AC

# IX. CONCLUSION

The plaintiff respectfully requests that his motion be granted and he be awarded $8,090 (assuming the motion is taken under submission).

Dated: March 14, 2016         CENTER FOR DISABILITY ACCESS

                              By: /s/ Mark Potter                    .
                                  Mark Potter, Esq.
                                  Attorneys for Plaintiff