UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>            Plaintiff,<br><br>      v.<br><br>SHAHNAZ PARVEEN IQBAL; AHMED ALI NASSER ,<br><br>            Defendants. | No.  2:15-cv-00191-KJM-AC<br><br><br><br>ORDER |

This matter is before the court on plaintiff Scott Johnson's motion seeking attorneys' fees and costs under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, *et seq.*, and the Unruh Civil Rights Act (Unruh Act), California Civil Code §§ 51–53. ECF No. 20.  Defendant Shahnaz Parveen Iqbal opposed the motion, Opp'n, ECF No. 22, and Johnson replied, Reply, ECF No. 23.  Finding the matter suitable for disposition on the papers, the court submitted it without a hearing.  As explained below, the court GRANTS in part and DENIES in part Johnson's motion.

I.     BACKGROUND

Johnson, physically disabled, filed this action on January 25, 2015 based on (1) the ADA, (2) the Unruh Act, (3) the California Disabled Persons Act, California Civil Code §§ 54-54.8, and (4) common law negligence after encountering accessibility barriers when

1

patronizing the Paisano Market in Stockton, California (the Property).  *See generally* ECF No. 1.  Johnson sought injunctive relief and statutory damages.  *Id.* at 9.  Iqbal answered.  ECF No. 11.

Thereafter, the parties engaged in settlement discussions.  Mem. P. & A., ECF No. 20-1 at 1.  The final settlement agreement was signed by Johnson and Iqbal on November 20, 2015 and November 18, 2015, respectively, and provided, in relevant part, for Iqbal to pay Johnson $4,000 and bring the Property into compliance with the ADA and Title 24 of the California Code of Regulations, the California Building Standards Code.  Settlement Agreement, ECF No. 20-4 at 1–2, Ex. 2.  On November 12, 2015, the parties filed a notice of settlement, ECF No. 18, which also noted that a motion for attorneys' fees would be filed shortly.

II.     LEGAL STANDARD

Both the ADA and the Unruh Act permit recovery of fees by a "prevailing" plaintiff.  42 U.S.C. § 12205; Cal. Civ. Code § 55.  Such fee-shifting statutes "enable private parties to obtain legal help in seeking redress for injuries resulting from actual or threatened violation of specific . . . laws," *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); they are not intended "to punish or reward attorneys," *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000).  A plaintiff who enters into a legally enforceable settlement agreement is considered a prevailing party.  *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002).  Because plaintiff has here obtained "substantial relief" on "related" claims based on "a common core of facts or . . . related legal theories," the court may award full fees under either the ADA or Unruh Act claim and need not distinguish between the fees awarded under each.  *See El–Hakem v. BJY Inc.*, 415 F.3d 1068, 1075–76 (9th Cir. 2005); *see also Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901–02 (9th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)).

To calculate recoverable fees, both federal and state courts look to the lodestar, *Hensley*, 461 U.S. at 433; *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001), which is "strong[ly] presum[ed]" to represent a reasonable fee, *Del. Valley Citizens' Council*, 478 U.S. at 565.  The court arrives at this figure by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433; *Ketchum*, 24 Cal. 4th at 1132.  The fee

1  applicant bears the burden of showing that the requested rate is reasonable based on "the
2  prevailing market rate in the community for similar services of lawyers of reasonably comparable
3  skill, experience, and reputation." *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379,
4  1384 (9th Cir. 1990) (internal quotation marks omitted), *overruled on other grounds by*
5  *Burlington v. Dague*, 505 U.S. 557, 559 (1992).  In making this determination, courts look to
6  other decisions in "the forum in which the district court sits," *Barjon v. Dalton*, 132 F.3d 496, 500
7  (9th Cir. 1997); *see also Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009), and "accord[s]
8  more weight to . . . fee awards made in the last two years," *Johnson v. Allied Trailer Supply*,
9  No. 13–1544 WBS EFB, 2014 WL 1334006, at *5 n. 3 (E.D. Cal. Apr. 3, 2014) (citing *Bell v.
10 Clackamas Cnty.*, 341 F.3d 858, 869 (9th Cir. 2003) (finding abuse of discretion where district
11 court "appl[ied] market rates in effect more than two years before . . . work . . . performed")).

12            In "rare and exceptional cases," the lodestar figure may be adjusted by using a
13 multiplier, for example to reflect specific evidence offered "to show that the quality of service
14 rendered was superior to that one reasonably should expect in light of the hourly rates charged
15 and that the success was 'exceptional.'" *Blum v. Stenson*, 465 U.S. 886, 899 (1984) (citing
16 *Hensley*, 461 U.S. at 434); *see also Del. Valley Citizens Council*, 478 U.S. at 565.

17 III.    DISCUSSION
18     A.    Fees
19            Both parties agree the case was not litigated extensively and Johnson's counsel
20 expended less than a week's worth of time on the representation.  Mem. P. & A. at 11; Opp'n at
21 1–2.  Johnson is seeking compensation for this week based on the lodestar without any
22 adjustment, in the amount of $8,090.  Iqbal does not challenge Johnson's entitlement to fees,
23 requested hourly rate, or requested costs.  Instead, Iqbal challenges only a few of the billing
24 entries for attorneys Mark Potter and Phyl Grace.  The court first reviews the challenged billing
25 entries and then the hourly rate.
26         1.    Disputed Hours
27            Iqbal challenges certain entries in the billing statements submitted by Johnson for
28 Mr. Potter and Ms. Grace.  Specifically, Iqbal challenges, (1) the hours spent on the drafting of

3

1 discovery, (2) hours accomplishing seemingly duplicative tasks, (3) hours spent reviewing billing
2 entries, and (4) the hours spent drafting the reply to this motion.

          a)     Drafting of Discovery

The court stayed the case on June 25, 2015, six months after it was filed. ECF No. 12. Johnson's counsel conceded in the Reply that Mr. Potter did not immediately realize the case had been stayed, and inadvertently drafted the discovery after the June date. Reply at 5. But Johnson contends the hours should still be included because the draft was used after the stay was lifted and a pretrial scheduling conference was set; he does not explain how the draft was actually used. *Id.* at 6. Johnson does not point to any other billing entries to show any discovery was actually conducted or scheduled to be conducted. Furthermore, the parties filed the notice of settlement on the date of the pretrial scheduling conference, prior to the setting of a discovery schedule. ECF Nos. 16–18. The court thus finds unpersuasive Johnson's argument that the draft discovery became useful while the parties were in settlement discussions. ECF No. 20-3 at 4 (billing statement for Ms. Grace shows numerous entries regarding settlement discussion between June 25, 2015 when the court stayed the case and November 20, 2015 when Johnson signed the settlement agreement).[1]

The court strikes the 1.5 hours Mr. Potter spent drafting discovery.

          b)     Duplicative Billing Entries

Iqbal opposes several of Ms. Grace's entries as duplicative, specifically for: (1) Rule 26 conferences in April and June 2015, (2) review of the case and communication with defense counsel in April and May 2015, (3) three instances of reviewing the file and conferring with defense counsel in July 2015, and (4) four instances of reviewing the file and preparing a settlement status report between August and September 2015.

---

[1] Iqbal objects to Johnson's reliance on the emails regarding settlement discussions between the parties. The court does not consider them for purposes of this order. Iqbal's objections are OVERRULED as moot.

4

Johnson reports that the parties had two Rule 26 conferences and Iqbal's counsel was present at both. Reply at 3. Given that Iqbal does not argue or provide evidence to show there was only one conference as opposed to two, the court finds these entries not duplicative.

For the other three categories, parties often need to meet and confer or communicate more than once in a case, especially when engaged in settlement discussions. In addition, it is not unusual for attorneys to review files prior to communicating with another party. The court thus also finds these entries not duplicative.

c) Review of Billing Entries

Iqbal also argues the time Mr. Potter spent reviewing billing for purposes of this motion should not be charged to either party, but does not argue that the amount of time spent was unreasonable. In general, a prevailing party may recover reasonable time spent pursuing a motion for attorneys' fees and costs. *Schwarz*, 73 F.3d at 905 (awarding fees for fees); *Guerrero v. Cummings*, 70 F.3d 1111, 1112 (9th Cir. 1995) (awarding fees for reasonable time spent seeking attorney's fees and costs). Here, Johnson further clarifies in his Reply that the entry on February 11, 2016 includes reviewing billing, drafting the fee motion, and making redactions. The court thus finds the entry to be reasonable.

d) Reply

Lastly, Iqbal argues an estimation of eight hours for Mr. Potter to review the Opposition and draft the Reply to this motion is excessive and proposes three (3) hours instead. Johnson himself reduces his estimate in the Reply to 1.6 hours. The court finds that a time of 1.6 hours is reasonable for reviewing the Opposition and drafting the Reply.

2. Hourly Rate

Johnson cites to *Silvester v. Harris*, No. 11-2137, 2014 WL 7239371, at *4 (E.D. Cal. Dec. 17, 2014), to show $250 to $380 as the generally accepted hourly rate for "competent experienced attorneys" in this district. *Silvester* involved the "relatively new and developing area of Second Amendment jurisprudence." *Id.* at *6. Here, as the case involves ADA and Unruh Act claims, the applicable rate is that of an attorney litigating ADA and Unruh Act claims in this district. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014).

Courts in this district have recently awarded Mr. Potter, who has focused mainly on disability issues in his twenty-plus years of practice, $300 an hour as an appropriate rate for his work in cases similar to this one.  Potter Decl. ¶ 1, ECF No. 20-2; *see Johnson v. San*, No. 15-162-JAM-EFB, 2015 WL 7188245, at *5 (E.D. Cal. Nov. 16, 2015), *report and recommendation adopted*, No. 15-162-JAM-EFB, 2016 WL 659791 (E.D. Cal. Feb. 18, 2016); *Johnson v. Wayside Property, Inc.*, No. 13-1610-WBS-AC, 2014 WL 6634324, at *8 (E.D. Cal. Nov. 21, 2014).  For Ms. Grace, an associate with twenty years of experience, with the last nine years focused exclusively on disability access litigation, courts have found $175 an hour to be an appropriate rate for her work performed in similar cases.  Potter Decl. ¶ 10; *see Johnson v. Lin*, No. 13-1484, 2016 WL 1267830, at *4 (E.D. Cal. Mar. 31, 2016); *Johnson v. Patel*, No. 14-2078-WBS-AC, 2016 WL 727111, at *3 (E.D. Cal. Feb. 23, 2016); *Allied Trailer Supply*, 2014 WL 1334006, at *5–6.  Lastly, for Mr. Price and Ms. Lockhart, junior associates each with five years of experience, courts have found an hourly rate of $150 to be reasonable.  *See Patel*, 2016 WL 727111, at *3; *Johnson v. Wayside Property, Inc.*, No. 13-1610-WBS-AC, 2014 WL 6634324, at *6–8 (E.D. Cal. Nov. 21, 2014). The court finds no reason on the present record to deviate from these rates.

The court thus calculates the lodestar by applying these rates for Mr. Potter, Ms. Grace, Mr. Price and Ms. Lockhart, to the allowable hours, for a total of $5,417.50, as shown below:

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Mark Potter | 10.1 | $300 | $3030 |
| Phyl Grace | 11.5 | $175 | $2012.50 |
| Dennis Price | 1.5 | $150 | $225 |
| Amanda Lockhart | 1 | $150 | $150 |
| **TOTAL** | | | $5417.50 |

B. <u>Costs</u>

Johnson's motion also seeks $455 in costs, which includes the $400 filing fee and the $55 service cost. Mem. P.&.A. at 15.

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579–80 (9th Cir. 2010). In an action under the ADA, the prevailing party is entitled to recover, in addition to "a reasonable attorney's fee," "litigation expenses, and costs." 42 U.S.C. § 12205; *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002); s*ee Johnson v. Dhami*, No. 14-1150 KJM AC, 2014 WL 4368665, at *1 (E.D. Cal. Sept. 2, 2014) (awarding $440 in filing fees and service costs). Johnson's filing fees and costs of service are compensable and will be awarded.

IV. <u>CONCLUSION</u>

Johnson's motion for attorneys' fees and costs is GRANTED in part and DENIED in part. Johnson is awarded $5417.50 in attorneys' fees and $455 in costs.

IT IS SO ORDERED.

DATED: June 20, 2016.

_____
UNITED STATES DISTRICT JUDGE